JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-02183-SSS-DTBx | Date | June 18, 2026 |
|---|---|---|---|
| Title | *Mark Allen Shinn, et al., v. Stellantis, et al.,* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(IN CHAMBERS) ORDER (1) GRANTING PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR JUDICIAL NOTICE; (2) DENYING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES; (3) DENYING AS MOOT CALTRANS'S MOTION TO DISMISS [DKT. NO. 14, 16, 17]**

Before the Court is Plaintiffs Amber Shinn and Mark Allen Shinn's Motion to Remand Case to Riverside County Superior Court filed on May 18, 2026. [Dkt. No. 14, "Motion"]. Plaintiffs also filed a Request for Judicial Notice in conjunction with the Motion. [Dkt. No. 16, "Request"].

Defendant FCA submitted an Opposition on June 5, 2026, and Defendant Big O Tires filed a separate Opposition on the same day. [*See* Dkt. No. 21, "Big O Tires Opposition" or "Big O Tires Opp."; Dkt. No. 23, "FCA Opposition" or "FCA Opp."]. Plaintiffs filed a Reply on June 12, 2026. [Dkt. No. 25, "Reply"].

For the reasons discussed below, the Court **GRANTS** the Motion to Remand and **DENIES AS MOOT** the pending Motion to Dismiss filed by CalTrans.

## I.      FACTUAL AND LEGAL BACKGROUND

This case arises out of injuries resulting from an accident that occurred while driving an allegedly defective 2014 Jeep Wrangler.  [*See* Dkt. No. 1-1 ¶¶ 23–29, "Complaint"].  The Court recites the facts as alleged in the Complaint.

Stellantis LLC ("Stellantis") and FCA US, LLC ("FCA") are "large distributors of consumer automobiles."  [FAC ¶ 21].  Among the millions of vehicles that these two companies distribute is the 2014 Jeep Wrangler.  [*Id.*].

On January 29, 2022, Plaintiffs Mark Shinn and Amber Shinn purchased a 2014 Jeep Wrangler ("the Vehicle) that was manufactured, distributed, marketed, advertised, and/or sold by Stellantis and FCA.  [Dkt. No. 1-14 ¶¶ 23, 42, "First Amended Complaint" or "FAC"].  Mark Shinn notes that his "motivation for purchasing [the Vehicle] was to obtain a safely designed and manufactured vehicle to drive."  [*Id.*].

Around a week after purchasing the Vehicle, Mark Shinn serviced the Vehicle with Big O Tires, LLC ("Big O Tires").  Big O Tires diagnosed a faulty steering angle sensor in the Vehicle and replaced the part with a replacement sensor that was manufactured and sold by Mopar.  [FAC ¶ 24].  Mark Shin sought this service "to obtain a safe and functioning vehicle," and would not have driven the Vehicle had he known about Big O Tires' "failure to properly diagnose and/or repair the steering angle sensor."  [*Id.*].

According to the FAC, Fondomonte California, LLC ("Fondomonte"), the California Department of Transportation ("CalTrans"), the County of Riverside ("the County")[1], and the City of Blythe ("the City") own, lease, occupy, and/or control the property at and around where the following events occurred.  [FAC ¶¶ 96, 102].

On March 3, 2025, Mark Shinn drove the Vehicle eastbound on State Route 78 in the City of Blythe and in an unincorporated area of Riverside County.  [FAC ¶¶ 25, 28].  Mark Shinn notes that he properly wore a seat belt when the Vehicle "experienced a forced loss of control".  [*Id.*].  To Mark Shinn's surprise, the Vehicle "suddenly and unexpectedly veer[ed] off State Route 78" into an irrigation

---

[1] Plaintiffs voluntarily dismissed the County from this action.  [*See* Dkt. No. 1-24 at 2].

canal that bordered the east side of the road.  [*Id.*].  During the crash, the Vehicle flipped multiple times and ultimately ejected Mark Shinn from the Vehicle.  [*Id.* ¶ 26].  Mark Shinn landed approximately 40-45 feet from the vehicle.  [*Id.*].  Moreover, the Vehicle failed to deploy the front and side-curtain airbags and the tire pressure monitoring and regulatory systems did not perform in light of the dynamics of the crash.  [*Id.*].  As a result of the crash, Mark Shinn suffered brain injuries, a back and left humerus fracture, and other serious and permanent injuries.  [FAC ¶ 27].

On November 12, 2025, Plaintiffs filed suit in Riverside County Superior Court seeking monetary relief for ten claims associated with the incident.  [*See generally* Complaint].  On February 13, 2026, Plaintiffs filed a First Amended Complaint.  [Dkt. No. 1-14, "First Amended Complaint" or "FAC"].[2]  The First Amended Complaint brings claims against Defendants FCA and Big O Tires for breach of express and implied warranty, negligence, and strict liability under theories of manufacturing defect, design defect, and failure to warn.  [FAC ¶¶ 41–94].  Plaintiffs also bring a premises liability claim against Fondomonte and a claim for dangerous condition of public property against CalTrans and the City.  [*Id.* ¶¶ 95–111].  Finally, Plaintiffs bring a claim of loss of consortium against all Defendants.  [*Id.* ¶ 112–118].

FCA removed this action to federal court on April 28, 2026.  [*See* Dkt. No. 1, "Notice of Removal"].  Based on the Court's review of the Notice of Removal and the docket in this action, it does not appear that all other defendants (CalTrans or the City) have consented or joined in the removal of the action.

For the reasons discussed below, the Court **GRANTS** the Motion to Remand and Request for Judicial Notice, and **DENIES** the Request for Attorneys' Fees.  [Dkt. No. 14, 16].

## II.    REQUEST FOR JUDICIAL NOTICE

---

[2] Defendants Stellantis and Mopar were dismissed from the suit at Plaintiffs' Request on March 2, 2026.  [Dkt. No. 1-20 at 2–3, "Request for Dismissal"].  The FAC also raises claims against Doe Defendants.  [*See* FAC ¶ 11].

Plaintiffs seek judicial notice of four items, all of which are court documents. [*See* Request at 2 (detailing the four subjects of the Request for Judicial Notice)].

Federal Rule of Evidence 201 permits a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Each of the documents and the particular facts for which Defendants seeks judicial notice "can be accurately and readily determined from sources who accuracy cannot be questioned." *See Gary G., et al. v. Gavin Newsom, et al.,* 2025 WL 1754951, (C.D. Cal. 2025) (holding that court records are subject to judicial notice because their accuracy can be readily determined).

As such, the Court **GRANTS** Plaintiffs' Request.

## III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991, 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right

of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

## IV.   DISCUSSION

### A.   Motion to Remand

The Motion, among other things, argues that remand is necessary because CalTrans is a named defendant, which precludes the existence of diversity jurisdiction.  [Motion at 6–7].  However, Plaintiffs identify a threshold procedural issue that could necessitate remand: Defendant FCA has not obtained the consent of all other defendants to remove the action.  [*Id.* at 7, 15–17].

#### 1.   Unanimity in Removal

28 U.S.C. § 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  *See also Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006) (dismissing appeal because district court's remand for failure to obtain consent of all defendants was based on "a 'defect' in a removal procedure" and therefore unreviewable).

Plaintiffs observe that neither the Notice of Removal nor supporting declaration contain any allegation regarding other defendants' consent to removal. [Motion at 15].  Moreover, CalTrans is actively litigating this action in state court. [*See id.* at 15].

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  Under the judicially-established unanimity rule, all defendants must unite in a petition for the removal to a federal court when a joint cause of action is alleged against all defendants.  *See Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 245 (1900).  Because various claims brought by Plaintiffs are brought against Big O Tires and Fondomonte as well as FCA, there must be unanimity in removal among those defendants.  [FAC ¶¶ 65–79 (bringing negligence and breach of warranty claims against FCA and Big O Tires), *id.* ¶¶ 111–117 (raising loss of consortium claims against Big O Tires, Fondomonte, and FCA)].

The Ninth Circuit has not particularly prescribed a specific "manner in which codefendants' joinder must be expressed." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). However, it has found "filing a notice of removal can be effective without individual consent documents on behalf of each defendant" as long as it contains "an averment of the other defendants' consent and [is] signed by a[n] attorney of record." *Id.* Moreover, there are exceptions to the unanimity rule, such as when a defendant is nominal, or fraudulently joined." *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986); *Combe v. Intermark Commc'ns, Inc.*, No. CV0909127SJOPJWX, 2010 WL 11597517 at *1 n.3 (C.D. Cal. Nov. 18, 2010).

FCA's Opposition provides a declaration that indicates both Fondomonte and Big O Tires consented to the removal. [*See* FCA Opp. at 9 n.1; *see also* Dkt. Nos. 23-2, 23-3]. Thus, at least as to FCA, Fondomonte, and Big O Tires, there is unanimity in Defendants' consent to removal.

Yet, Defendant FCA's Notice of Removal suggests removal is "proper pursuant to 28 U.S.C. § 1441(a)," which relies on the assumption that CalTrans was fraudulently joined. [Notice of Removal at 6; FCA Opp. at 8].

Plaintiffs argue that remand is necessary because CalTrans is a valid defendant. [Motion at 10–13]. Within this position, Plaintiffs dispute whether CalTrans is fraudulently joined because the State of California acting through CalTrans is the real party in interest. [*Id.*].

The Court must first determine whether CalTrans was fraudulently joined in order to decide if CalTrans should be included in the unanimity analysis.

Defendant FCA argues that CalTrans was fraudulently joined and should not be considered in the Court's jurisdictional analysis. [FCA Opp. at 8–9]. Plaintiffs maintain that they have viable state law claims against CalTrans, which renders CalTrans a real defendant. [Motion at 12–13].

### 2.    Fraudulent Joinder

"Fraudulent joinder" is a "term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled

rules of law." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citations omitted).

The Complaint alleges one claim against CalTrans: dangerous condition of public property. [FAC at ¶¶ 101–110]. The removing party has the burden to establish fraudulent joinder "by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

According to FCA, "[i]t is 'obvious' under 'settled' California law that Plaintiffs are unable to state a claim against Caltrans." [FCA Opp. at 4–5]. FCA's first argument is that the California Tort Claims Act confines government tort liability to § 835 of the California Government Code. [*See id.* at 5]. FCA posits that because the FAC does not mention § 835, Plaintiffs do not properly bring a viable claim against CalTrans. [*Id.*].

The Court disagrees. Not only does the FAC expressly raise a claim of "dangerous condition of public property" against CalTrans, Plaintiffs' Motion specifies that CalTrans has acknowledged § 835 is the statutory basis for the claim alleged in the FAC. [Motion at 12]. FCA's argument fails on this ground.

FCA's second argument is that the factual allegations in the FAC do not meet the pleading standard required by California law. [*See* FCA Opp. at 5–8]. Although FCA may be correct that Plaintiffs may not succeed in the merits of their claim against CalTrans, it appears that FCA applies the wrong standard for evaluating Plaintiffs' ability to state a claim. In scrutinizing Plaintiffs' claim, FCA seems to apply the Rule 12(b)(6) standard by invoking its "lack of plausibility". [*See* FCA Opp. at 7 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)].

The Ninth Circuit has specified that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6)." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). In *Hunter v. Philip Morris USA*, the Ninth Circuit found that a defendant is properly joined if "if there is *any possibility* that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint" 582 F.3d 1039, 1044 (9th Cir. 2009) (emphasis added). If such possibility exists, the Court must remand the case to state court.

Applying the proper standard to Plaintiffs' claim, the Court analyzes whether the FAC provides any possibility that CalTrans may be liable to Plaintiffs under § 835 of the California Government Code. CalTrans is liable for Plaintiffs'

injury if it is "establishe[d] that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred," and CalTrans had actual or constructive notice of the dangerous condition, or created the dangerous condition.  Cal. Gov. Code § 835.

The FAC alleges that the property was in a dangerous condition, evidenced by the "roadway being curved and featuring a parallel irrigational canal with a steep embankment."  [FAC ¶ 31].  Plaintiffs further state that CalTrans "fail[e]d to place barriers or otherwise guard against dangerous conditions," posed "an unsafe hidden danger" to Mr. Mark Shinn as he traveled on that portion of state Route 78.  [*Id.* ¶¶ 31, 103].  The FAC also alleges that dangerous condition of the property was a "substantial factor" in causing his injuries, which were "reasonably foreseeable" to CalTrans given their role in owning, managing, controlling, operating, and maintaining the roadways.  [*Id.* ¶¶ 104, 108].  Considering these allegations, it seems possible that CalTrans could be liable for this claim.

Therefore, at this stage, the Court finds that FCA has failed to meet its burden of showing that CalTrans was joined fraudulently.  The Court accordingly includes CalTrans in the unanimity rule.

Because nothing in the record shows that CalTrans consented to removal, [*see* Motion at 15], the Court **GRANTS** Plaintiffs' Motion to Remand.

## B.      Request for Attorneys' Fees

Plaintiffs further seek an award of attorneys' fees and expenses incurred because FCA lacked an objectively reasonable basis for removal.  [Motion at 15–17].  The Motion seeks $6,800.00 in attorneys' fees and costs under § 1447(c), or, alternatively, an order finding fees warranted and permitting Plaintiffs to submit a supplemental fee application.  [*Id.* at 18].

The Court may award just costs and attorneys' fees incurred as a result of removal under § 1447(c), but "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  "Rather, the court should assess

'whether the relevant case law clearly foreclosed the defendant's basis of removal'
by examining the 'clarity of the law at the time of removal.'" *Martinez v.
Michaels*, CV 15-02104 MMM (Ex), 2015 WL 4337059, at \*10 (C.D. Cal. July 15,
2015) (quoting *Lussier*, 518 F.3d at 1066).

FCA based its removal of this action in § 1332, alleging that "complete
diversity of citizenship exists between Plaintiffs and FCA." [Notice of Removal at
4]. The Notice of Removal details the various parties' citizenship, including
CalTrans and the City. [*Id.* at 5 (recognizing that these parties are "California
Public Entities")].

Plaintiffs argue that removal was not objectively reasonable because FCA
"ignored Caltrans, misstated Caltrans's jurisdictional status, failed to establish
unanimous consent, and forced Plaintiffs to move to remand a case that never
belonged in federal court." [Motion at 5; *see id.* at 16–17].

"[R]emoval is not objectively unreasonable solely because the removing
party's arguments lack merit and the removal is ultimately unsuccessful." *Lussier*,
518 F.3d at 1065. Instead, courts assess "whether the relevant case law clearly
foreclosed the defendant's basis of removal . . .by looking to the clarity of the law
at the time of removal." *Id.* at 1066.

Although the arguments in Defendant FCA's Notice of Removal ultimately
lack merit, the Court declines to grant Plaintiffs' Request for Attorneys' Fees. *See
Lussier*, 518 F.3d at 1065 (declining to grant the plaintiffs' request for attorney
fees even though there was "no question" that the defendant's fraudulent joinder
arguments "were losers"); *see also Hayes v. TJX Cos., Inc.*, No. 2:17-cv-07182-
ODW-JC, 2018 WL 619876, at \*6 (C.D. Cal. Jan. 29, 2018) (declining to grant the
plaintiff's request for attorney fees where the defendants' basis for removal was
based solely on the argument that the plaintiff did not have any claim against the
diversity-destroying party).

Here, while the Court ultimately concludes that Plaintiffs did not
fraudulently join CalTrans, the Court does not find FCA's substantive argument in
support of fraudulent joinder to be objectively unreasonable. The Request for
Attorneys' Fees is **DENIED**.

## V.    CONCLUSION

Consistent with the discussion above, the Court **GRANTS** Plaintiffs'
Request for Judicial Notice and Motion to Remand. [Dkt. No. 14, 16]. However,

the Court **DENIES** Plaintiffs' Request for Attorneys' Fees.  In light of this Order, the Court **DENIES AS MOOT** CalTrans's pending Motion to Dismiss.  [Dkt. No. 17].

The action is **REMANDED** to Riverside County Superior Court.

**IT IS SO ORDERED.**